## ESCALONA, PLAINTIFF AND APPELLANT, *v.* COSTA ET AL., DEFENDANTS AND APPELLEES.

### APPEAL from the District Court of Ponce in an Action for Injunction.

#### No. 2246.—Decided June 30, 1920.

INJUNCTION—IRREPARABLE DAMAGE—TITLE—DISCRETION OF COURT.—When it is sought to prevent such irreparable damage as would in certain cases be considered the destruction of a house, although the mere fact that the title to the property is in dispute is not of itself sufficient ground for denying an injunction, yet when, as here, it is not a mere conflict, but the evidence furnished the court with a sufficient basis for arriving at a conclusion and it is not shown that in so concluding it abused its discretional power, the appellate court will not reverse the action of the district court.

ID.—ID.—DESTRUCTION OF HOUSE.—It having been shown that the building in question in this case is a small, ordinary frame house rented as a shop and without any sentimental value or any peculiar or noteworthy character, and it having also been shown that the defendant is solvent, the destruction of the house is not an irreparable damage.

The facts are stated in the opinion.

*Mr. C. Brunet* for the appellant.

*Mr. M. A. Rivera* for the appellees.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Mercedes Escalona Decastro brought an action of ejectment and for damages. The property involved is a small house outside of the urban zone and on the road from Coamo to Barros, valued at $300. The damages claimed are the rent of the house for a period of ten years, estimated at $720. After filing her complaint the plaintiff petitioned for an injunction *pendente lite* on the ground that the defendants were demolishing the said house. The court granted a temporary injunction and set a day for the final hearing. On the day set the plaintiff introduced documentary and oral evidence, the former consisting of a certificate showing that the ownership title to a house whose description coincides with that set out in the complaint and which is sued for in this action was recorded in her name in the registry of property. The defendants also introduced documentary

and oral evidence tending to show clearly that they were the owners of the house in their possession and that the registrar's certificate referred to another house in the near vicinity which was destroyed by the San Ciriaco hurricane. The said evidence also tended to show that the defendants were solvent.

After "carefully considering the evidence submitted by both sides" the district judge denied the petition and discharged the temporary writ. The plaintiff appealed to this court.

The appellant insists that she has an absolute right to an injunction because the destruction of the house would defeat her action and she would be compelled to file a different kind of suit.

We agree that when it is sought to prevent such irreparable damage as in certain cases would be considered the destruction of a house, the mere fact that the title to the property is is dispute is not of itself sufficient ground for denying an injunction. See 14 R. C. L. 347, 444 and 451. Yet when, as in this case, there is not a mere conflict of title, but the evidence furnishes the court with a sufficient basis for arriving at a conclusion and it is not shown that in so concluding it abused its discretional power, the appellate court will not reverse the ruling of the district court. Besides, the building in question being a small, ordinary frame house rented as a shop and without any sentimental value or any peculiar or noteworthy character and it having been shown that the defendants are solvent, the destruction of the house is not an irreparable damage. It is manifest that if the defendants should be required to rebuild the house or to pay the amount necessary for such rebuilding, the plaintiff would suffer no damages.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.